UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

Case No. 09-12346
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 21, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion to dismiss Count IV of Defendant/Third-Party Plaintiff Robert Pinkas's third-party complaint [dkt 61], Plaintiff's motion for summary

judgment [dkt 69], and Defendants request for additional time for discovery. Both motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's motion to dismiss Defendant/Third-Party Plaintiff Pinkas's third-party complaint is DENIED and Defendants' requests to continue Plaintiff's motion for summary judgment is GRANTED.

## II. BACKGROUND

The factual background of this matter was adequately explained in the Court's March 31, 2010, opinion and order [dkt 48] and need not be fully restated. Briefly, this lawsuit involves several financial transactions that ultimately secured a loan made by Wachovia Bank ("Wachovia") to an entity known as SJH Capital Partners, LLC ("SJH").

In order to facilitate the Wachovia loan, Plaintiff unconditionally guaranteed Wachovia payment of $13,000,000 in the event of SJH's default. Plaintiff's guarantee was based on a separate guaranty agreement (the "Agreement") with Defendants Christopher Debbas and James Griffiths ("Debbas" and "Griffiths", respectively), Defendants/Third-Party Plaintiffs Gregory Campbell and Robert Pinkas ("Campbell" and "Pinkas", respectively), and Third-Party Defendant Peter Sinatra ("Sinatra") (collectively, "the Co-guarantors").

The Co-guarantors guaranteed to reimburse Plaintiff $10,000,000 if Wachovia acted on the guaranty agreement between Plaintiff and Wachovia. When SJH defaulted on the Wachovia loan, Wachovia requested that Plaintiff satisfy its obligation to Wachovia through a letter of credit.

Plaintiff complied. Plaintiff then filed this lawsuit seeking reimbursement from Debbas, Griffiths, Campbell, and Pinkas based on the Agreement.[1]

When Pinkas filed his answer to Plaintiff's complaint, he also filed a third-party complaint against Sinatra. Sinatra was not a party-defendant before this because Sinatra was not named as such when Plaintiff filed its complaint. Sinatra, however, purportedly signed the Agreement. In Count IV, Pinkas alleges that Sinatra is a co-guarantor that is required to reimburse Plaintiff, and that Pinkas can seek contribution against Sinatra due to the fact that the Co-guarantors are jointly and severally liable pursuant to the Agreement. Sinatra subsequently filed a motion to dismiss Pinkas's Count IV.

In the Court's September 8, 2010, opinion and order, it denied Sinatra's motion to dismiss Pinkas's Count IV. The Court stated that:

> Even though [Sinatra is] associated with Plaintiff, the Court cannot accept [his] recitation of Plaintiff's position regarding Sinatra as binding on Plaintiff. Plaintiff is obviously not seeking to judicially enforce the Agreement against Sinatra because it did not name Sinatra as a party-defendant. The record, however, does not indicate that Plaintiff has affirmatively waived its right to collect Sinatra's *pro rata* share of a co-guarantor's inability to pay.
>
> The parties may submit a stipulated order to the Court for review if Plaintiff wishes to waive its right to collect Sinatra's *pro rata* shares in the case of non-payment by any guarantor. On the current record, however, the Court finds that the Agreement anticipates a right of contribution, and a contribution action is properly brought on a third-party complaint pursuant to Fed. R. Civ. P. 14(a).
>
> The Court will thus deny the motion to dismiss on this count.

After the Court's opinion and order, Plaintiff proposed an order, whereby Plaintiff waived its right

---

[1] The Agreement also provides for Plaintiff's reasonable attorneys' fees and other reasonable costs and expenses incurred by Plaintiff's enforcement of the Agreement.

to recover Sinatra's obligation of $500,000 under the Agreement. The parties did not stipulate to Plaintiff's proposed order. Following Plaintiff's proposed order, on October 15, 2010, Pinkas proposed an order with language whereby Plaintiff waived its right to recover Sinatra's obligation of $500,000 under the Agreement. At this time, the parties have not stipulated to Pinkas's proposed order.

### III. STANDARD OF REVIEW

**A.   MOTION TO DISMISS**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the

Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).

### B.    MOTION FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). ; *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001).  A genuine dispute of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).

### IV.  ANALYSIS

### A.    DISMISSAL OF COUNT IV OF PINKAS'S THIRD-PARTY COMPLAINT

Plaintiff asserts that it filed this motion to dismiss for two reasons: (1) the Court's September 8, 2010, opinion and order invited it to file such a motion; and (2) if Plaintiff waives it right to collect Sinatra's pro rata share from the other Co-guarantors, then the claim against Sinatra should be dismissed.

Pinkas, nonetheless, objects to Plaintiff's motion to dismiss and the language Plaintiff uses to waive Sinatra's obligations under the Agreement.  First, Pinkas contends that Plaintiff lacks standing to file this motion.  Second, Pinkas contends that Plaintiff's proposed order only waives Plaintiff's right to collect $500,000 of Sinatra's purported guaranty obligation.  Pinkas points out that despite Plaintiff's waiver, Pinkas would be entitled to contribution from Sinatra in the event that Pinkas is required to pay more than his pro rata share due to joint and several liability (i.e., another

5

Co-guarantor fails to pay his pro rata share).  To refute Pinkas's second contention, Plaintiff provides the following language in its reply brief waiving its right to collect against Pinkas:

> [Plaintiff] unequivocally waives its right to collect from Pinkas (and the other coguarantors) Sinatra's primary obligation to pay $500,000, as well as any and all pro rata obligations of Sinatra in the event of nonpayment by any other guarantor.

The Court agrees with both of Pinkas's contentions and denies Plaintiff's motion to dismiss Defendant/Third-Party Plaintiff Pinkas's Count IV.  First, the standing doctrine requires that a party: (1) suffer an injury in fact; that (2) is fairly traceable to the alleged misconduct; and (3) is redressible by the relief sought.  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982).  The Court's analysis of the standing doctrine may be constrained by the procedural posture of the action.  *West v. Ray*, No. 10-6196, 2010 WL 4576585, at *3 (6th Cir. Nov. 4, 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992)).  If the Court is deciding whether standing exists when considering a 12(b)(6) motion to dismiss, the Court "must accept as true all material allegations of the complaint."  *Kardules v. City of Columbus*, 95 F.3d 1335, 1346–47 (6th Cir. 1996) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Here, Plaintiff has not alleged in its complaint how it suffers an injury from Pinkas's third-party claim for contribution that is asserted against Sinatra.  Plaintiff also does not refute Pinkas's contention that the allegations in Count IV of Pinkas's third-party complaint do not seek any relief from Plaintiff.  Thus, Plaintiff lacks standing to bring this motion.

Second, in the Court's September 8, 2010, opinion and order, it stated that "[t]he parties may submit a *stipulated order* to the Court for review if Plaintiff wishes to waive its right to collect Sinatra's pro rata shares in the case of non-payment by any guarantor." (emphasis added).  Despite Plaintiff's language in its reply brief waiving Pinkas's pro rata share of $500,000 and Pinkas's pro

rata share if any other Co-guarantors fail to pay their pro rata share, the Court stated it would review *a stipulated order* from Plaintiff. The parties have not agreed to either Plaintiff's or Pinkas's proposed orders. Accordingly, the Court denies Plaintiff's motion to dismiss Count IV of Pinkas's third-party complaint.

B.    SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT

Plaintiff claims that because the Agreement is a valid contract, the Court should enforce it according to its terms, and thus require Debbas, Griffiths, Campbell, and Pinkas ("Defendants") to pay their pro rata shares, any portions of pro rata shares not paid by any other Defendants, and Plaintiff's attorney fees and costs.[2]

Defendants respond that they only agreed to be bound by the Agreement if all of the Co-guarantors executed the Agreement. Defendants aver that this is confirmed by Presidential's General Counsel, Stephanie Zimmerman deposition. As part of Defendants' responses to Plaintiff's motion for summary judgment, Defendants have made requests for additional time to conduct discovery pursuant to Federal Rule of Procedure 56(f).[3] Rule 56(d) now provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

---

[2] The Co-guarantors purportedly signed the Agreement. The parties also do not dispute that Wachovia was paid $13,000,000 by Commerica Bank pursuant to its letter of credit arrangement with Plaintiff.

[3] Effective December 1, 2010, the analogous language to Rule 56(f) is found in Rule 56(d).

7

>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

A continuance cannot be granted unless the motion is accompanied by an affidavit indicating the party's "need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir.2000).

Defendants have submitted two affidavits supporting their requests for additional discovery pursuant to Rule 56(d). Both affidavits contain a description of the facts that Defendants intend to uncover through discovery. The essence of both affidavits is that Defendants need discovery to determine if Sinatra executed the Agreement. Defendants identify that Stephanie Zimmerman testified at a deposition that Sinatra signed the Agreement at dispute, and "electronic proof" of his signature could be provided, but Plaintiff's failed to attach such proof to its motion or reply brief. If further discovery establishes that the Agreement was not executed by all of the Co-guarantors, then Defendants contend that they may establish that the Agreement was void because it was not the intent of the Co-guarantors to be bound by the Agreement. Defendants have been unable to question Sinatra regarding his execution of the Agreement before Plaintiff filed the instant motion.

On these facts, Defendants are entitled to additional discovery with respect to whether Sinatra executed the Agreement. Accordingly, the Court grants a continuance of Plaintiff's summary judgment motion pursuant to Fed. R. Civ. P. 56(d) until discovery may be completed on the narrow issue of whether Sinatra executed the Agreement.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's

motion to dismiss Count IV of Pinkas's third-party complaint [dkt 61] is DENIED.

IT IS FURTHER ORDERED that Defendants' requests to continue Plaintiff's motion for summary judgment [dkt 69] is GRANTED for sixty (60) days.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: January 21, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 21, 2011.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290