UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

                                            Case No. 09-12346
                                            Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 24, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Third-Party Defendant Emerald Partners V, LP's motion for a stay of discovery on the third-party claims and/or for a discovery conference [dkt 117]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately

presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Third-Party Defendant's motion for a stay of discovery on the third-party claims and/or for a discovery conference is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

This lawsuit involves several financial transactions that ultimately secured a loan made by Wachovia Bank ("Wachovia") to an entity known as SJH Capital Partners, LLC ("SJH"). In order to obtain the Wachovia loan, Plaintiff unconditionally guaranteed Wachovia payment of $13,000,000 in the event of SJH's default. Plaintiff's guarantee was based on a separate guaranty agreement (the "Agreement") with Defendants Christopher Debbas and James Griffiths ("Debbas" and "Griffiths", respectively), Defendants/Third-Party Plaintiffs Gregory Campbell and Robert Pinkas ("Campbell" and "Pinkas", respectively), and Third-Party Defendant Peter Sinatra ("Sinatra") (collectively, "the Co-guarantors").

The Co-guarantors guaranteed to reimburse Plaintiff $10,000,000 if Wachovia acted on the guaranty agreement between Plaintiff and Wachovia. When SJH defaulted on the Wachovia loan, Wachovia requested that Plaintiff satisfy its obligation to Wachovia through a letter of credit. According to Plaintiff, it complied. Plaintiff then filed this lawsuit seeking reimbursement from Debbas, Griffiths, Campbell, and Pinkas ("Defendants") based on the Agreement.

Approximately 18 months after this action began, Pinkas asserted a third-party claim for indemnification against investment partnership Emerald Partners V, L.P. ("Fund V"). Pinkas had served as Fund V's general partner. Pinkas initially disputed any personal liability under the

Agreement (the "Guaranty Claims"), contending that he had signed the Agreement in his capacity as Fund V's general partner. Thus, Pinkas argues that Fund V is liable for his share under the Agreement.

Fund V asserts that Pinkas was not acting in the interests of the partnership, essentially spending millions of dollars without authorization. Fund V denies any liability under the Agreement and has filed a counterclaim against Pinkas because commitment of Fund V's funds breached Fund V's partnership agreement, ending any right Pinkas had to indemnification. Fund V also asserts counterclaims for breach of contract and his fiduciary duty against Pinkas. While Fund V's nominal general partner was Brantley Management V, LLC, a shell company Pinkas had created, Fund V seeks to recover its damages directly from Pinkas as the alter-ego of Brantley Management V, LLC.

Currently, minimal discovery has taken place on these claims as Pinkas suffered from health issues. According to Pinkas's counsel, Pinkas's health has improved to a point where he is able to resume participation in this case. Fund V requests that the Court stay discovery on these third-party claims until the Guaranty Claims are resolved, either on summary judgment or at trial. In the alternative, Fund V requests a status conference to establish an appropriate discovery schedule for the third-party claims.

### III.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 26(c), a district court may stay discovery upon a showing of "good cause." "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190

F.3d 708, 719 (6th Cir. 1999)).  The district court's decision to limit discovery is reviewed for an abuse of discretion that results in substantial prejudice to one of the parties.  *See Emmons v. McLaughlin*, 874 F.2d 351, 356–57 (6th Cir. 1989).

### IV.  ANALYSIS

Fund V argues that stay of the third-party claims until the Guaranty Claims are resolved is appropriate because (1) Pinkas's indemnification claim against Fund V would be mooted if Pinkas prevails on the Guaranty Claims; (2) Fund V would withdraw its counterclaims if the indemnification claim is voluntarily dismissed by Pinkas; and (3) the third-party claims may not be tried with the Guaranty Claims because the third-party claims may not be tried before a jury under the partnership agreement.

In response, Pinkas contends that his indemnification claim against Fund V is not dependant on the outcome of the Guaranty Claims.  Pinkas asserts that he would still be entitled to the legal fees and costs arising out of this litigation.  Further, Pinkas argues that staying the third-party claims would substantially prejudice him because he could be subject to liability under the Agreement, yet have no contemporaneous ruling on Fund V's indemnification liability to Pinkas.  Pinkas, however, does agree with Fund V's alternative request for a conference to establish a scheduling order for Pinkas's third-party claims against Fund V and Fund V's counterclaim against Pinkas.

First, the Court notes it is speculative whether a resolution of the Guaranty Claims will extinguish Pinkas's indemnification claim.  As Pinkas contends, his indemnification claim for attorney fees and costs against Fund V will not be mooted by the resolution of the Guaranty Claims. Further, Fund V's counterclaims for breach of a partnership agreement and breach of fiduciary duties will not be mooted by resolution of the Guaranty Claims.  Although Fund V indicates it will

4

likely voluntarily dismiss its claims against Pinkas, Fund V conditions such dismissal on whether Pinkas voluntarily dismisses his claim against Fund V. Pinkas, however, makes no indication in his pleadings that he intends to voluntarily dismiss his claim against Fund V. To the contary, Pinkas asserts numerous times in his response brief that he will seek his attorney fees and costs. Thus, Fund V's argument that the Court will waste judicial resources over potentially withdrawn claims is unpersuasive.

Second, in balancing the prejudice to Pinkas against the hardship and inequity of Fund V to conduct further discovery on the claims it asserts may be dismissed, Fund V fails to show good cause. Fund V, as the moving party, fails to provide specific details as to its hardships with respect to further discovery on the third-party claims, if they are not stayed. The record, however, does evidence the potential liability that may be entered against Pinkas under the Guaranty Claims. As such, the Court does not find good cause for why Pinkas should have to wait for resolution of the Guaranty Claims before he can proceed against Fund V. Neither Pinkas nor Fund V indicate that the Guaranty Claims must be resolved prior to the third-party claims.

Third, with respect to Fund V's argument that the third-party claims may not be tried before a jury with the Guaranty Claims, Fed. R. Civ. P. 42(b) allows the Court to order separate trials for the Guaranty Claims and the third-party claims between Pinkas and Fund V. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, . . . the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims."). Therefore, a stay of the third-party claims is not necessary to ensure that Fund V suffers no prejudice from presenting evidence of Pinkas's alleged fraudulent practices before the same trier of fact that will decide whether Pinkas is liable under the Agreement. Having determined that a stay is inappropriate in this

5

matter, the Court finds it appropriate to hold a status conference with the Court to set a discovery schedule for Pinkas's third-party claim against Fund V and Fund V's counterclaims against Pinkas.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Third-Party Defendant's motion for a stay of discovery on the third-party claims and/or for a discovery conference [dkt 117] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: June 24, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2011.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290