UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

                                                Case No. 09-12346
                                                Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 12, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Renewed Motion for Summary Judgment [dkt

131]. The motion has been fully briefed.[1] The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's Motion for Summary Judgment is DENIED.

## II. BACKGROUND

As the Court has discussed in its previous orders [*see* dkt 48], this lawsuit involves several financial transactions that ultimately secured a loan made by Wachovia Bank ("Wachovia") to an entity known as SJH Capital Partners, LLC ("SJH"). In order to obtain the Wachovia loan, Plaintiff unconditionally guaranteed Wachovia payment of $13,000,000 in the event of SJH's default. Plaintiff's guarantee was based on a separate guaranty agreement (the "Guaranty") between it and five others: Defendants Christopher Debbas and James Griffiths ("Debbas" and "Griffiths", respectively), Defendants/Third-Party Plaintiffs Gregory Campbell and Robert Pinkas ("Campbell" and "Pinkas", respectively), and Third-Party Defendant Peter Sinatra ("Sinatra") (collectively, "the Co-guarantors").[2]

The Co-guarantors guaranteed to reimburse Plaintiff $10,000,000 if Wachovia acted on the guaranty agreement between Plaintiff and Wachovia. When SJH defaulted on the Wachovia loan, Wachovia requested that Plaintiff satisfy its obligation to Wachovia. Plaintiff purportedly satisfied

---

[1] Defendants filed three separate responses: (Defendants Debbas and Griffiths [dkt 132]; Defendant Campbell [dkt 133]; and Defendant Pinkas [dkt 134]). Plaintiff addressed Defendants' responses in two separate reply briefs. [dkts 135 & 136].

[2] The Court will also refer to Debbas, Griffiths, Campbell, and Pinkas as "Defendants" for purposes of this Opinion and Order.

the payment through a letter of credit from Comerica Bank ("Comerica"). Plaintiff then filed this lawsuit seeking reimbursement from Debbas, Griffiths, Campbell, and Pinkas ("Defendants") based on the Guaranty. Sinatra was not named as one of the original defendants when Plaintiff filed its complaint. Sinatra, however, purportedly signed the Guaranty.

Procedurally, Plaintiff moved for summary judgment against the Defendants on October 29, 2010. On January 8, 2011, in a written opinion, the Court continued Plaintiff's motion for summary judgment, permitting discovery as to whether Sinatra had executed the Guaranty. After Sinatra's deposition, Plaintiff filed a motion for summary judgment, renewing its previous continued motion for summary judgment.

In its August 24, 2011, Opinion and Order, the Court addressed Plaintiff's motions for summary judgment. The Court held, in light of Sinatra's deposition that he signed the Guaranty, there was no genuine dispute of fact that all of the Co-guarantors signed the Guaranty. The Court further acknowledged that Plaintiff failed to produce sufficient evidence that it had paid Comerica and triggered the Co-guarantors' obligations under the Guaranty issue. The Court invited Plaintiff to file a supplemental brief within 45 days on this issue. Plaintiff timely filed the instant motion and brief, requesting that the Court grant summary judgment in favor of Plaintiff based on the Affidavit of Caroline Johnson attached to its motion.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

The Court's sole focus is on whether Plaintiff triggered the Co-guarantors' obligations under the Guaranty. In asserting that it has, Plaintiff attached the Affidavit of Caroline Johnson. Caroline Johnson is the Chief Financial Officer for KISS Funding Group, LLC ("KISS") and for Plaintiff. Johnson's Affidavit states that "in June and July of 2008, [Plaintiff] obtained a letter of credit from [Comerica], initially in the amount of $3,000,000," which was later increased to $13,000,000. According to Johnson, the letter of credit was provided by Comerica on behalf of Plaintiff to secure Plaintiff's obligation to Wachovia if SJH defaulted. When SJH defaulted, Comerica paid Wachovia and demanded $13,000,000 from Plaintiff and Scott J. Seligman.[3] KISS then loaned Plaintiff $13,000,000. According to Johnson, Plaintiff then paid Comerica $13,000,000 from the proceeds of the loan received from KISS; the loan and Seligman's guaranty were extinguished. Plaintiff has attached no additional evidence to the instant Motion.

In contesting Plaintiff's allegations and attached Affidavit, Defendants raise several arguments.[4] First, Defendants argue that Plaintiff's "self-serving" Affidavit to the Court and failure to produce corroborating documentary evidence of payment is insufficient to grant summary judgment in favor of Plaintiff. Second, and partially related, Pinkas also asserts that the statements in Johnson's Affidavit are inadmissible pursuant to the best evidence rule, Fed. R. Evid. 1002, because she discusses documents that have not been produced.

Third, Plaintiff's own account records contradict Johnson's Affidavit. Defendants point to

---

[3] Johnson states that Plaintiff's letter of credit from Comerica was personally guaranteed by Scott J. Seligman.

[4] While Defendants filed three separate responses, many of Defendants' arguments either overlap or are identical. The Court therefore will address Defendants' arguments together.

a document produced by Plaintiff in response to Defendants' request for any documents relating to the loan from Comerica to Plaintiff, which Defendants have provided to the Court. The document, entitled "Transactions by Account As of March 31, 2011", has an initial journal entry of $12,720,288.08 as a credit. The following five journal entries are debits: $584,414.93, $156,403.37, $143,048.57, $4,558.97, and $11,831,862.24. The debits total $12,720,288.08, and the account thus balances to zero. The $11,831,862.24 debit entry has corresponding notations that state "Reclassify to" and "KISS Funding"

Defendants argue that Johnson's credibility is further placed into question by three Comerica records. The first indicates a principal draw amount of $12,720,288.08. The second indicates an incoming wire amount of $584,414.93 from Wachovia to Comerica, and the third indicates an incoming wire amount of $4,558.97 from Wachovia to Comerica. Based on these documents, Defendants argue that Plaintiff never paid $13,000,000 to Comerica because the documents indicate that Plaintiff never owed that amount. Defendants also assert that Wachovia appears to have refunded Plaintiff approximately $590,000, as evidenced by the wire transfers, reducing the amount owed by Plaintiff to $12,131,314.18.

Fourth, Defendants assert that because Comerica satisfied Plaintiff's obligation to Wachovia, Plaintiff never made a "Loan Guaranty Commitment Payment" as defined in the Guaranty. Defendants asserts that the Guaranty requires the payment to be made by Plaintiff.

In considering Plaintiff's renewed Motion and the parties' briefs and attached exhibits, the Court finds that a genuine dispute of material fact exists as to whether Plaintiff paid Comerica bank. Turning first to Defendants' arguments regarding Johnson's "self-serving" Affidavit, the Court finds Defendants' argument unpersuasive. Defendants provide no rational support or legal support for

their assertion that Johnson's Affidavit is "self-serving," making it insufficient evidence to grant summary judgment. Johnson, as Chief Financial Officer for KISS and for Plaintiff, had first-hand knowledge of KISS's and Plaintiff's financial transactions, and the Court therefore will consider it. *See Velazquez-Garcia v. Horizon Lines of P. R., Inc.*, 473 F.3d 11, 14–15 (1st Cir. 2007) (finding that while a party's own affidavit may be "self-serving," the fact it is based on first-hand knowledge is sufficient to defeat a motion for summary judgment).

As to Pinkas's challenge under the best evidence rule, the requirement that an original writing must be produced in order to prove the content of that writing is provided in Fed. R. Evid. 1002. *See* Fed. R. Evid. 1002 ("An original writing . . . is required in order to prove its content unless these rules or a federal statute provide otherwise."). The rule "is concerned only with proving the terms of a writing" or recording. *Wallin v. Greyhound Corp.*, 341 F.2d 521, 523 (6th Cir. 1965) (citations omitted). Essentially, "any witness with knowledge of facts that exist independent of the contents of a writing, recording, or photograph may testify without raising an issue under Rule 1002." *Jackim v. Sam's East, Inc.*, 378 Fed. Appx. 556, 566 n.8 (6th Cir. 2010). Pinkas's argument misconstrues the best evidence rule. Johnson's Affidavit includes statements based on her knowledge as a Chief Financial Officer that are independent of any purported financial documents that Defendants assert Plaintiff must produce. Thus, the rule is inapplicable because Johnson's statements do not attempt to prove the contents of any writings.

The Court finds Defendants' third argument regarding Johnson's credibility compelling. While Johnson's Affidavit states that Plaintiff paid Comerica $13,000,000, the financial documents produced by Defendants places Johnson's Affidavit in dispute. As such, a reasonable jury could find that the unexplained $900,000 difference makes Johnson's statements that Plaintiff made the

payment to Comerica questionable. Because the Court is not permitted to weigh the conflicting evidence submitted at the summary judgment stage, the Court finds that a genuine dispute of fact exists as to whether Plaintiff paid the loan commitment to trigger Defendants' obligation under the Guaranty. Furthermore, Johnson's Affidavit states that KISS loaned Plaintiff $13,000,000, which Plaintiff then used to pay Comerica. The document Plaintiff kept as a record of its transactions regarding Comerica, however, indicates that the remaining balance loaned to Comerica was reclassified to KISS. It does not indicate that Plaintiff paid the balance to Comerica.

Although Plaintiff offers a detailed explanation that explains the $900,000 discrepancy between Johnson's stated amount and the amount indicated on the "Transactions by Account As of March 31, 2011," Plaintiff offers no documents to support its explanations. Plaintiff's unsupported allegations are not sufficient to entitle it to summary judgment. Plaintiff also indicates to the Court that it will make a supplemental affidavit from Johnson to provide an explanation. As such, the Court finds that genuine disputes of fact exist as to whether Plaintiff triggered the Co-guarantors' obligations under the Guaranty.

While not necessary for this Court's holding, the Court finds it important to note Defendants' fourth argument. Defendants argue that even if Comerica was paid the proper amount, such payment would not trigger the Co-guarantors' obligations under the Guaranty because it was Plaintiff who was required to make the payment. The Court finds it troubling that no parties have produced documentation, such as documents from Wachovia, that demonstrate that Plaintiff has satisfied its obligation to Wachovia. It seems to the Court that if an entity satisfied an obligation as significant as $13,000,000, it would have some documentation indicating that the obligation was satisfied. Accordingly, Plaintiff's renewed Motion for Summary Judgment is denied.

8

## VI. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion for Summary Judgment [dkt 131] is DENIED.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: December 12, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 12, 2011.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290