UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

                                        Case No. 09-12346
                                        Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff's motion for reconsideration [dkt 140]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted unless ordered by the Court. In this case, the Court concludes that no response is necessary. The Court further concludes that the facts and legal arguments are adequately presented in Plaintiff's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Plaintiff challenges the Court's December 2, 2011, order in which the Court denied Plaintiff's motion for summary judgment. In its December 2, 2011, order, the Court declined to grant summary judgment in favor of Plaintiff because the Court found a genuine dispute of fact as to whether Plaintiff had paid its guaranty obligation to Wachovia Bank through Comerica Bank, which triggers the Defendants' obligations under the Guaranty.[1] In reviewing the Affidavit of Caroline Johnson, which supported Plaintiff's position that it had paid Comerica Bank $13,000,000, the Court noted several concerns. The Court first found that a financial statement regarding Plaintiff's accounts indicated a $900,000 discrepancy between the $13,000,000 that Johnson stated was paid to Comerica Bank and the numerical value listed on the financial statement regarding Comerica Bank. The Court further noted, while not necessary for its holding, that the Court found it troubling that no parties had produced documentation, such as documents from Wachovia Bank, that demonstrated that Plaintiff had satisfied its $13,000,000 obligation to Wachovia Bank.

---

[1]The Guaranty is a guaranty agreement entered into between Plaintiff and Defendants. If Plaintiff satisfied the conditions under the guaranty agreement than Defendants were liable to reimburse Plaintiff in the amount of $10,000,000.

Plaintiff now contests the Court's holding that genuine disputes of fact exist. Plaintiff argues that because the Guaranty Claim is set for a bench trial the Court was permitted to weigh the evidence and did not need to leave any matters for a jury. According to Plaintiff, all evidence on the issue has been presented to the Court and there is no additional evidence to consider. Plaintiff also asserts that if the Court is not satisfied that Plaintiff paid $13,000,000 as opposed to approximately $12,100,000, then the Court should just reduce Defendants' obligations under the Guaranty by $900,000. Plaintiff's remaining arguments reassert similar arguments that the Court reviewed in issuing the December 2, 2011, opinion and order.

In addressing Plaintiff's arguments, the Court first acknowledges that the parties' have waived a jury trial on the Guaranty claim. Nonetheless, no legal authority precludes the Court from finding a genuine dispute of material fact when addressing a motion for summary judgment in a case set to proceed to a bench trial. While the language employed in the opinion and order referenced a reasonable jury, the Court was merely applying the standard set forth under Fed. R. Civ. P. 56. Use of such language, however, does not make the Court's holding the result of a palpable defect. Regardless of the trier of fact in this case, the Court was clear in its opinion and order that genuine disputes of fact exist that are better addressed at a trial on the merits.

Second, Plaintiff asserts that all proofs that will be brought before the Court on this issue are already before the Court and no evidence will be forthcoming. Plaintiff's assertion, however, fails to address the attached Declaration of Caroline Johnson. This supplemental Declaration provides specific reasons for the $900,000 difference between the $13,000,000 obligation Presidential owed to Comerica Bank and Plaintiff's financial records. Thus, the Court disagrees with Plaintiff that all proofs have been brought before the Court, when in the instant motion, Plaintiff has attached a

3

supplemental Declaration addressing the concerns the Court raised in its December 2, 2011, opinion and order.

Third, Plaintiff's reliance on *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 n.3 (6th Cir. 2001), which states where "the facts are fully developed at the hearing on the motions, the court may proceed to decide the factual issues and render a judgment on the merits without any further delay if it is clear that there is nothing else to be offered by the parties and there is no prejudice in proceeding in this fashion," is distinguishable from this case. First, the Court is not convinced that the facts were fully developed at the time it issued the December 2, 2011, opinion and order. As the Court noted, it found it troubling that no parties had submitted any documentation showing a payment to Wachovia Bank. Second, the Court did not have a hearing on Plaintiff's motion for summary judgment, rather, the Court decided it on the briefs. Third, as previously noted, it is not clear to the Court that there is nothing else to be offered by the parties when Plaintiff has now included an additional Declaration not previously submitted to the Court. Thus, the Court does not find that its conclusion based on the standards under Fed. R. Civ. P. 56 was a palpable defect.

And fourth, Plaintiff's request to enter a Judgment for $900,000 less against Defendants because the Court has noted concerns with the $900,000 discrepancy is irrelevant to this motion for reconsideration. The scope of this motion is the Court's holding in its December 2, 2011, opinion and order.

As such, Plaintiff's motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, the instant motion indicates only Plaintiff's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D.

Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt 140] is DENIED.

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 23, 2012.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290