UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

                                      Case No. 09-12346
                                      Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 28, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Third-Party Defendant Robert Pinkas's Motion for Stay

Due to Illness [dkt 143]. Except for Defendant Gregory Campbell, the relevant parties have fully briefed the motion.[1] The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant Pinkas's motion for a stay is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

This lawsuit involves several financial transactions that ultimately secured a loan made by Wachovia Bank ("Wachovia") to an entity known as SJH Capital Partners, LLC ("SJH"). In order to obtain the Wachovia loan, Plaintiff unconditionally guaranteed Wachovia payment of $13,000,000 in the event of SJH's default. Plaintiff's guarantee was based on a separate guaranty agreement (the "Agreement") with Defendants Christopher Debbas, James Griffiths, Gregory Campbell, Robert Pinkas, and Third-Party Defendant Peter Sinatra (collectively, "the Co-guarantors").

The Co-guarantors guaranteed to reimburse Plaintiff $10,000,000 if Wachovia acted on the guaranty agreement between Plaintiff and Wachovia. When SJH defaulted on the Wachovia loan, Wachovia requested that Plaintiff satisfy its obligation to Wachovia. According to Plaintiff, it has complied. Plaintiff then filed this lawsuit seeking reimbursement from Debbas, Griffiths, Campbell, and Pinkas ("Defendants") based on the Agreement.

---

[1]Relevant to this motion, the Court has received and reviewed two correspondences from Third-Party Defendant Emerald Partners V, LP ("Emerald Partners"). These correspondences—received on January 17, 2012, and February 23, 2012—are available at docket nos. 141, 142, and 157.

Approximately 18 months after this action began, Pinkas asserted a third-party claim for indemnification against the investment partnership ("Emerald Partners"). Pinkas had served as Emerald Partners' general partner. Pinkas argues that Emerald Partners is liable for his share under the Agreement. In response, Emerald Partners asserts that Pinkas was not acting in the interests of the partnership, essentially spending millions of dollars without authorization. Emerald Partners denies any liability under the Agreement and has filed counterclaims against Pinkas for breach of contract and breach of his fiduciary duties. While Emerald Partners' nominal general partner was Brantley Management V, LLC, Emerald Partners seeks to recover its damages directly from Pinkas as the alter-ego of Brantley Management V, LLC, based on Emerald Partners' belief that it is only a shell company Pinkas had created.

Based on Pinkas and Emerald Partners' representations, minimal discovery has taken place on the third-party claims due to Pinkas's health issues. Along with battling several ailments, including Stage IV non-Hodgkin's lymphoma, Pinkas suffered complete kidney failure in late 2011. On December 14, 2011, the Court ordered the parties to appear for a Final Pre-trial Conference on Plaintiff's guaranty claim on February 2, 2012, and issued a scheduling order regarding the third-party claims between Pinkas and Emerald Partners. On January 7, 2012, Pinkas underwent kidney and liver transplants. On January 17, 2012, Counsel for Pinkas filed the instant motion advising the Court of his health and requesting a stay. The Court adjourned the Final Pre-trial Conference without date.

On January 27, 2012, the Court ordered Plaintiff to show cause regarding additional evidence it provided to the Court after the Court had already decided Plaintiff's motions for summary judgment. After receipt of Plaintiff's response to the show-cause order, the Court ordered

3

Defendants' to file a response to Plaintiff's evidence no later than March 8, 2012. Plaintiff then has until March 22, 2012, to file a reply. Meanwhile, the discovery cut-off date that this Court ordered regarding the third-party claims is March 12, 2012, along with a dispositive motion cut-off date of April 2, 2012.

## III.  STANDARD OF REVIEW

Under Sixth Circuit precedent, a district court has the inherent power to stay a proceeding. *Ohio Envtl. Council v. United States, Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). The party requesting a stay must show that there is need to delay the case, and such delay will not cause harm to the other parties. *Id.* The district court's decision to grant or deny a stay is reviewed for an abuse of discretion. *Id.*

## IV.  ANALYSIS

Pinkas urges this Court to stay the case until his health has recovered. At the time this motion was filed, Pinkas projects he will need at least three months before he again can participate in this litigation. The parties that filed a response to Pinkas's motion do not oppose his requested relief. Plaintiff only requests that the Court grant judgment in favor of it before any stay is entered. Additionally, Emerald Partners requests that the Court stay the entire case and, once the stay is lifted, to provide additional time to complete discovery on the third-party claims.

In reviewing Pinkas's motion and brief, reply, and the respective response pleadings, the Court finds it appropriate to grant Pinkas's request in part. According to Emerald Partners, Pinkas has not produced necessary documents and has been unable to attend a deposition. Emerald also

4

expresses that, with a lack of completing even written discovery, Emerald is not capable of abiding by the Court's order to exchange witness lists on February 27, 2012.  While Pinkas is not in complete agreement with Emerald's assertions, it is clear to the Court that minimal discovery has occurred on the third-party claims.  It is also clear that, due to his health, Pinkas is unable to search for files, respond to discovery requests, or be deposed.  The Court therefore stays this case as to the third-party claims until further order by the Court.

The Court, however, finds that Plaintiff's guaranty claim against Defendants is at its final stages and discovery has been completed for some time.  As the Court has ordered, Defendants are currently permitted to file responses to the evidence that Plaintiff has provided the Court.  While the Court acknowledges Pinkas's health, the Court does not find that his health impairs the process of his Counsel filing a response to Plaintiff's evidence to such an extent that a stay is appropriate.  Rather, the remaining Defendants and Plaintiff are entitled to have a resolution determined as to their liabilities under the Agreement.  As such, the Court denies granting Pinkas's request to stay to the extent that it would impact Plaintiff's guaranty claim.

## V.  CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Third-Party Defendant Robert Pinkas's Motion for Stay Due to Illness [dkt 143] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that all discovery and scheduling dates are STAYED with respect to the third-party claims in this case until the Court orders otherwise.  Upon lifting the stay, the Court will address the parties' discovery concerns on the third-party claims.

IT IS FURTHER ORDERED that Third-Party Defendant Robert Pinkas must provide this Court with an update as to his health conditions 90 days after the filing of this Order, and every 30 days thereafter, until this Court orders otherwise.

IT IS FURTHER ORDERED that this Order has no effect on the briefing dates ordered by this Court in its February 9, 2012, order, or Plaintiff's guaranty claim at this time.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 28, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290