UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

    Case No. 09-12346
    Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 3, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

    This matter is before the Court on Plaintiff's Motion for Certification of Judgment as Final and for Award of Attorneys Fees and Costs [dkt 168]. No responsive pleading has been filed and the time do so has expired. E.D. Mich. L.R. 7.1(e). The Court finds that the facts and legal

arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted, without oral argument. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

On May 16, 2012, the Court issued an Opinion and Order entering a judgment in favor of Plaintiff against Defendants Pinkas, Campbell, Debbas, and Griffiths (hereinafter referred to as "Defendants") based on a guaranty agreement (the "Presidential Guaranty") between the parties. Pursuant to the Presidential Guaranty, Defendants guaranteed to reimburse Plaintiff $10,000,000 if certain conditions were met. The Court determined in its May 16, 2012, Opinion and Order that the conditions under the Presidential Guaranty were met and that Defendants' obligations to reimburse Plaintiff pursuant to the Presidential Guaranty were triggered.

The judgment, however, is not final as third-party claims remain unresolved. Defendant Pinkas has asserted a third-party claim for indemnification against Third-Party Defendant Emerald Partners V, LP ("Emerald Partners"). Defendant Pinkas alleges in his claim that Emerald Partners is liable for his obligation under the Presidential Guaranty because he was acting as general partner for Emerald Partners when he signed the Presidential Guaranty. In response, Emerald Partners has denied any liability under the Presidential Guaranty and has filed counterclaims against Defendant Pinkas for breach of contract and breach of his fiduciary duties while he acted as general partner for Emerald Partners. Before discovery took place, Defendant Pinkas became significantly ill, resulting in organ transplants.

On January 17, 2012, Counsel for Defendant Pinkas requested that the Court stay the case

until Defendant Pinkas's health improved. On February 28, 2012, the Court declined to stay all of the claims in the case. Instead, the Court determined that the third-party claims would be stayed until further order of the Court, but that Plaintiff's claim against Defendants involving enforcement of the Presidential Guaranty would proceed. In the May 16, 2012, Opinion and Order, the Court resolved Plaintiff's claim against Defendants, finding that Plaintiff had satisfied its obligations under the Presidential Guaranty and judgment would enter against Defendants. Plaintiff then filed the instant motion requesting that the Court certify the May 16, 2012, Opinion and Order as a final judgment pursuant to Fed. R. Civ. P. 54(b) and award Presidential attorneys' fees and costs in the amount of $313,067.11 as provided for in the Presidential Guaranty. The Court notes that Defendant Pinkas has recently passed away.

### III. ANALYSIS

#### A. CERTIFICATION OF JUDGMENT AS FINAL UNDER FED. R. CIV. P. 54(B)

Fed. R. Civ. P. 54(b) provides that "the court may direct entry of a final judgment as to one or more . . . claims or parties" "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved." Fed. R. Civ. P. 54(b). The Court may do so if "there is no just reason for delay." *Id.* The claim or claims sought to be finalized must represent "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted). A "claim"—as used in Fed. R. Civ. P. 54(b)—comprises "the aggregate of operative facts which give rise to a right enforceable in the courts." *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978).

This case involves multiple parties that are disputing multiple claims. The Court has resolved Plaintiff's claim against Defendants in its May 16, 2012, Opinion and Order. The

third-party claims between Defendant Pinkas and Emerald Partners are unrelated to the finality of Plaintiff's claim against Defendants. While Plaintiff's claim sought enforcement of the Presidential Guaranty, the third-party claims consist of an indemnification claim by Defendant Pinkas and a breach of contract claim and a breach of fiduciary duties claim by Emerald Partners. The "aggregate of operative facts" that give rise to Plaintiff's claim are distinct from the "operative facts" that give rise to the third-party claims. The third-party claims are neither against Plaintiff nor affect Plaintiff's enforcement of the Presidential Guaranty. Their disposition will not affect the resolution of Plaintiff's claim. Accordingly, the Court finds that there is "no just reason for delay[ing]" certification of the May 16, 2012, Opinion and Order as a final judgment.

### B. ATTORNEYS' FEES AND COSTS PURSUANT TO THE PRESIDENTIAL GUARANTY

The Presidential Guaranty provides that "[e]ach Guarantor agrees to pay [Plaintiff's] reasonable attorneys' fees and all other reasonable costs and expenses which may be incurred by [Plaintiff] in the enforcement of [the Presidential Guaranty], whether or not suit is filed." Plaintiff has requested $313,067.11 in attorneys' fees and costs. Stephanie Zimmerman, general counsel for Plaintiff, states in an affidavit that "[t]hrough April 30, 2012, [Plaintiff] has incurred $300,493.75 in attorney fees and $12,573.36 in costs in connection with enforcing its guaranty rights, through the issuance of monthly legal bills by [Plaintiff's] counsel." No additional evidence has been supplied to the Court detailing the attorneys' fees and costs up to April 30, 2012.[1]

The Presidential Guaranty only provides for reimbursement of *reasonable* fees and costs.

---

[1] Plaintiff also has attached an affidavit from Zimmerman that was submitted with a previous motion for the Court's review. That affidavit—similar to the affidavit stating the costs incurred through April 30, 2012—states the total amount of attorneys' fees and costs through September 30, 2010. No additional documentation is attached to the affidavit.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party requesting an award of costs and attorneys' fees must produce evidence "to justify the reasonableness of the requested rate." *Blum v. Stenson*, 465 U.S. 886, 896 (1984); *Hensley*, 461 U.S. at 433. The inability to determine the reasonableness may warrant a reduction of the fees by the court. *Id*. The court looks to the prevailing market rate to substantiate the reasonableness of the requested hourly rate. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979).

While the Court acknowledges that this case has had a protracted litigation history, Plaintiff has failed to provide the Court with sufficient evidence to determine whether the attorneys' fees and costs requested are reasonable. Zimmerman's statement as to the total amount of attorneys' fees charged by Plaintiff's counsel, without additional supporting evidence—such as the hours expended, the rate charged, or the attorneys hired—is wholly deficient. The word "reasonable" is not even contained within her affidavits. The only basis that the attorneys' fees of $300,493.75 are reasonable is Plaintiff's own conjecture in its motion and brief. Such conjecture fails to warrant a finding that Plaintiff's request is reasonable as required under the Presidential Guaranty. Finding no basis upon which to determine the reasonableness of Plaintiff's request, Plaintiff's request for reasonable attorneys' fees and costs is DENIED.

## IV. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Certification of Judgment as Final and for Award of Attorneys Fees and Costs [dkt 168] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the May 16, 2012, Opinion and Order shall enter against Defendants Pinkas, Campbell, Debbas, and Griffiths as the final judgment of this Court pursuant to Fed. R. Civ. P. 54(b).

IT IS SO ORDERED.

                              s/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated: July 3, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 3, 2012.

                              s/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290