UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

    Case No. 09-12346
    Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

**ORDER**

    This matter comes before the Court on Plaintiff's Motion for Charging Order [dkt 196]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

**I. PROCEDURAL BACKGROUND**

On May 16, 2012, the Court entered judgment in favor Plaintiff and against Defendants—including Defendant Gregory Campbell ("Campbell")—in the amount of $9,500,000.00. On July 3, 2012, the Court certified that judgment as final [dkt 170].

Plaintiff now brings the instant motion for a charging order against Defendant Campbell. Plaintiff alleges that Defendant Campbell has not "voluntarily paid any portion of the judgment." Plaintiff's motion seeks to encumber any interests in limited partnerships or limited liability companies in which Defendant Campbell has or may subsequently acquire.

**II. ANALYSIS**

Fed. R. Civ. P. 69(a), which governs the enforcement of final judgments in federal court, provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—*must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

Thus, since this Court sits in the Eastern District of Michigan, the enforcement of Plaintiff's judgment is governed by the appropriate Michigan law.

Under Michigan law, a charging order is the exclusive remedy by which a judgment creditor may satisfy a judgment out of a partner's or member's interest in a limited partnership or limited liability company. Mich. Comp. Laws §§ 449.1703, 450.4507(1), (6). A charging order is a lien on the partnership or membership interest of the partner or member that is the subject of the charging order. *See id.* at §§ 449.1703, 450.4507(5). Thus, to the extent the partnership or membership interest is charged, the judgment creditor has the right only to receive distributions to which a partner or member is entitled. *See id.* at §§ 449.1703, 450.4507(2).

2

Plaintiff petitions this Court for a charging order against Defendant Campbell on any interests in limited partnerships or limited liability companies in which he has or *may subsequently* acquire. Issuing a charging order on prospective—and possibly unrealized—interests does not appear to be contemplated by the Michigan statutes governing charging orders. To be sure, the Court has not found—and Plaintiff does not cite to—legal authority that is factually on point with the circumstances presented here. While it is true that the Court has broad authority pursuant to Mich. Comp. Laws § 600.6104(5) to make "any order as within [its] discretion . . . to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor," the Court will not issue the requested charging order for the following reasons.

Plaintiff identifies in its motion Defendant Campbell's interest in G.D. Campbell & Associates, a limited partnership, as an appropriate interest that should be subject to a charging order. This is Defendant Campbell's only interest in either a limited partnership or limited liability company that Plaintiff has located and apparently is apprised of. On March 20, 2013, however, Plaintiff and Defendant Campbell submitted to the Court a stipulation and order that granted Plaintiff a charging order with respect to Defendant Campbell's interest in G.D. Campbell & Associates [dkt 206]. Thus, Defendant Campbell's only identifiable interest in a limited partnership—or limited liability company—is currently encumbered by a charging order. Moreover, the Court does not believe it is appropriate, at this time, to issue a charging order to reach subsequently-acquired interests in limited partnerships or limited liability companies. Plaintiff may apply to the Court to subject future interests to a charging order should such interests materialize. Therefore, to the extent that Plaintiff is seeking a blanket charging order on any interests which Defendant Campbell may acquire in the future, the Court denies that request.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Charging Order [dkt 196] is DENIED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                Hon. Lawrence P. Zatkoff
                                                U.S. District Judge

Date: April 12, 2013