UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

    Case No. 09-12346
    Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

## ORDER

    This matter comes before the Court on Plaintiff's Motion for Post-Judgment Relief Against Gregory Campbell, Diane Campbell, Chester County Aviation Holdings, LLC and CDV Capital, LLC [dkt 193]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

**I. PROCEDURAL BACKGROUND**

On May 16, 2012, the Court entered judgment in favor Plaintiff and against Defendants—including Defendant Gregory Campbell ("Campbell")—in the amount of $9,500,000.00. On July 3, 2012, the Court certified that judgment as final [dkt 170].

Plaintiff now brings the instant motion for post-judgment relief against Defendant Campbell and other non-parties to this action. Plaintiff alleges that Defendant Campbell engaged in fraudulent transfers to avoid paying his guaranty obligation to Plaintiff. Accordingly, Plaintiff requests that the Court order (1) Diane Campbell, Chester County Aviation Holdings, LLC ("Chester County Aviation"), and CDV Capital, LLC ("CDV Capital") (the non-parties) be joined as defendants in this proceeding, and (2) in partial satisfaction of Plaintiff's judgment, that Diane Campbell's stock interest in Chester Aviation and her membership interest in CDV Capital—which she allegedly acquired via fraudulent transfer from Defendant Campbell—both be transferred to Plaintiff.

**II. ANALYSIS**

The crux of Plaintiff's motion focuses on two allegedly fraudulent transfers. First, Plaintiff states that Defendant Campbell and his son, as of 2001, each owned a 50% interest in Chester County Aviation. Then, in March of 2008, Plaintiff transferred his interest for "no consideration" to Diane Campbell (his wife) because, Plaintiff argues, "[Defendant Campbell] acknowledged [] there were creditors who were after him." Dkt. 193, p. 10. Second, Plaintiff alleges that Defendant Campbell "readily acknowledged" that in August 2009 he "transferred" the business of CDV Capital Partners and/or CDV Ventures—entities in which he formerly had an ownership interest—to a new entity—CDV Capital—and named his wife as the sole owner because "he did not want to work for creditors." Dkt. 193, p. 10–11. For the reasons that follow, the Court will deny Plaintiff's motion.

Fed. R. Civ. P. 69(a), which governs the enforcement of final judgments in federal court, provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Thus, since this Court sits in the Eastern District of Michigan, the enforcement of Plaintiff's judgment is governed by the appropriate Michigan law.

As Plaintiff correctly asserts in its motion, when non-parties who are not judgment debtors are alleged to be recipients of fraudulent transfers, Michigan statutory law affords courts the option to add those parties to the supplementary proceedings by order. *See* Mich. Comp. Laws § 600.6128(2). Here, Plaintiff seeks such an order from the Court with respect to Diane Campbell, Chester County Aviation, and CDV Capital. Plaintiff appears to additionally argue that this Court should add these non-parties to the instant case without first inquiring into whether the Court can entertain personal jurisdiction over them. Yet, Plaintiff cites no legal authority for this proposition. The Court is not inclined to add these non-parties without Plaintiff first establishing that the Court possesses personal jurisdiction.

### III. CONCLUSION

Accordingly, the Court hereby DENIES Plaintiff's Motion for Post-Judgment Relief Against Gregory Campbell, Diane Campbell, Chester County Aviation Holdings, LLC and CDV Capital, LLC [dkt 193] WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT if Plaintiff desires to file a renewed motion, which among other things alleges with specific facts that this Court has personal jurisdiction over the above-named non-parties, such motion must be filed within 21 days from entry of this Order.

IT IS FURTHER ORDERED THAT if Plaintiff files a renewed motion, the parties will be afforded the normal response and reply times as prescribed by E.D. Mich. L.R. 7.1(e)(2).

IT IS SO ORDERED.

                                                                                   s/Lawrence P. Zatkoff
                                                                                   Hon. Lawrence P. Zatkoff
                                                                                   U.S. District Judge

Date: August 9, 2013