**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,                        CIVIL ACTION NO. 09-CV-12346

    vs.                                DISTRICT JUDGE LAWRENCE P. ZATKOFF

CHRISTOPHER J. DEBBAS and         MAGISTRATE JUDGE MONA K. MAJZOUB
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

    vs.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Plaintiff's Motion to Compel Examinations of Robert Pinkas, Jr., Benjamin Pinkas, and Lisa Roberts-Mamone (docket no. 202) should be **GRANTED**.

**II.**    **REPORT**:

This matter comes before the Court on Plaintiff's Motion to Compel Examinations of Robert Pinkas, Jr., Benjamin Pinkas, and Lisa Roberts-Mamone. (Docket no. 202). Non-party the Estate

1

of Robert P. Pinkas ("the Estate") filed a response in opposition to the motion. (Docket no. 205). Plaintiff filed a reply. (Docket no. 207). Plaintiff and the Estate filed a joint statement of resolved and unresolved issues. (Docket no. 213). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 203). However, because judgment has been entered in this case (docket no. 167) and the third-party claims and counterclaims have been dismissed (docket no. 201), the undersigned must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The motion being fully briefed, the undersigned dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).

**A.      Facts and Procedural History**

The facts underlying this case have been set forth in detail in previous Court orders. By way of summary, Plaintiff filed this lawsuit on June 17, 2009 against Defendants Robert Pinkas, Gregory Campbell, Christopher Debbas, and James Griffiths to enforce a guaranty in the approximate amount of $10 million to Plaintiff. (Docket no. 1). On November 18, 2010, Defendant Pinkas filed a third-party complaint against Emerald Partners V. L.P., f/k/a Brantley Partners V, L.P. ("Fund V") seeking indemnification from Fund V for amounts Pinkas may be obligated to pay to Plaintiff under the personal guaranty. (Docket no. 72). Fund V answered and asserted counterclaims to Defendant Pinkas' third-party complaint, alleging breach of contract and fiduciary duty and demanding judgment against Defendant Pinkas and in favor of Fund V in an amount exceeding $10 million. (Docket no. 92). On May 16, 2012, the district court entered judgment in favor of Plaintiff against Defendants Pinkas, Campbell, Debbas, and Griffiths in the amount of $9,500,000 with interest of $850,305.72 for a total balance due to date of $10,350,305.72. (Docket nos. 167, 190).

Some time before the May 2012 judgment was entered Defendant Pinkas passed away. On April 10, 2012, a probate estate was opened for the Estate of Robert P. Pinkas in the Probate Court for Cuyahoga County, Ohio (Case No. 2102 EST 177782). (Docket no. 205, ex. 2). Lisa Roberts-Mamone is legal counsel for Jane Pinkas as Executrix of the Estate of her late husband, Robert P. Pinkas. (Docket no. 205, ex. 1). Defendant Pinkas' estate has elected not to substitute itself into this action.

On June 18, 2012 Plaintiff filed a claim in the Cuyahoga County Probate Court against the Estate in the amount of $10,154,346.17. (Docket no. 205, ex. 2). On September 26, 2012, another Pinkas creditor, Dakota Recovery, LLC, filed exceptions to inventory in the Probate Court action. (Docket no. 205, ex. 2). Subsequently, Dakota Recovery withdrew its exceptions and entered a Stipulation as to Allowance and Disallowance of its claim. (Docket no. 205, exs. 2 and 3). Fund V also filed a Stipulation as to Allowance and Disallowance of Claim in the Probate action. (Docket no. 205, exs. 2 and 4). On February 12, 2013, shortly after Fund V filed its Stipulation with the Probate Court, this Court entered a Stipulated Order dismissing Defendant Pinkas' third-party claims against Fund V and dismissing Fund V's counterclaims to Defendant Pinkas' third-party complaint, stating that the claims had been settled in the Probate Court action. (Docket no. 201).

On March 8, 2013 Plaintiff filed the instant Motion to Compel Examinations of Robert Pinkas, Jr., Benjamin Pinkas, and Lisa Roberts-Mamone. (Docket no. 202). Plaintiff argues that Jane Pinkas as Executrix of the Estate appeared for a creditor's examination on January 28, 2013 pursuant to an order of this Court. Plaintiff asserts that Ms. Pinkas was unfamiliar with and was unable to testify to the assets of the Estate, the claims against the Estate, or whether actions she took in her role as personal representative discharged her fiduciary obligations to creditors. Plaintiff

3

shows that Ms. Pinkas testified that she relied upon her sons, Robert Pinkas, Jr. and Benjamin Pinkas, and upon Lisa Roberts-Mamone, the attorney in charge of probating the estate, for advice in discharging her duties as Executrix. Plaintiff contends that as a result of Ms. Pinkas' inability to provide meaningful testimony, Ms. Roberts-Mamone is the only individual who has complete insight into why Defendant Pinkas' claim against Fund V settled for no consideration, and why other claims by other creditors settled against the Estate. They also claim that Robert Pinkas, Jr. and Benjamin Pinkas may have relevant information. Plaintiff argues that the activities of the Estate raise substantial questions about whether there were fraudulent transfers or breaches of fiduciary duty in the handling of the Estate. Plaintiff seeks an order compelling the examinations of Robert Pinkas, Jr., Benjamin Pinkas, and Ms. Roberts-Mamone to explore these issues.

The Estate filed a response in opposition to the motion as it relates to the taking of Lisa Roberts-Mamone's examination. No opposition has been entered with respect to the examinations of Robert Pinkas, Jr. or Benjamin Pinkas. The Estate argues that Ms. Roberts-Mamone is presently acting as legal counsel for the Estate and for Ms. Pinkas as Executrix of the Estate. The Estate contends that Ms. Roberts-Mamone has no personal knowledge of the issues at hand, and even if she did, any information she has is work product or attorney-client privileged information. The Estate also contends that the "probate exception" to federal jurisdiction precludes federal courts from disposing of property that is in the custody of a state probate court. The Estate urges the Court to deny Plaintiff's request to take the deposition of Ms. Roberts-Mamone, claiming that her testimony in the deposition could potentially be used against her client.

**B.      Analysis**

The Estate's argument that this Court lacks jurisdiction of this matter under the "probate

4

exception" is without merit. The United States Supreme Court in *Marshall v. Marshall*, 547 U.S. 293 (2006) observed that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311–12. Indeed, the probate exception does not strip federal courts of jurisdiction to "to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946) (citations and internal quotation marks omitted).

A two-part inquiry provides guidance as to whether a case falls within the probate exception. First, the court should determine whether it is being asked to directly probate a will or administer an estate. *Nahabedian v. OneWest Bank, FSB*, No. 13-10122, 2013 WL 1506927, at *4 (E.D. Mich. April 12, 2013) (citations omitted). If the answer is yes, the federal court lacks subject matter jurisdiction over the matter. Second, the court must determine if the case would require it to "interfere with the probate proceedings, [] assume general jurisdiction of the probate [,] or control property in the custody of the state court." *Id*. (citations and internal quotation marks omitted).

Here, Plaintiff has simply asked the Court to compel creditor examinations. The Court should find that this matter does not fall under the probate exception and is therefore not outside its jurisdiction.

Plaintiff contends that it seeks the creditor examinations in an effort to enforce the judgment entered in this Court and to explore whether there were fraudulent transfers or breaches of fiduciary duty in the handling of the Estate. Whether or not Ms. Pinkas owes a fiduciary duty to Plaintiff is not squarely before the Court but it does have bearing on the relevance of the creditor examinations. In a majority opinion, the Michigan Court of Appeals found that while the personal representative of an estate owed fiduciary duties to the decedent's heirs, he did not owe a fiduciary duty to the creditor of the estate. *In re Duane v. Baldwin Trust*, 733 N.W.2d 419, 427 (Mich. Ct. App. 2007). In a partial dissent, Judge Servitto wrote that although the personal representative may not have owed a *fiduciary* duty to the creditor, he may have owed a duty to the creditor as an "interested person" under the Estates and Protected Individuals Code (EPIC) and he may be liable to the creditor for a loss to the estate arising from the breach of a duty owed to the estate. *Id.* at 429. The Michigan Supreme Court later affirmed the decision of the Court of Appeals but rejected the majority's reasoning to the extent it conflicted with the partial dissent. *In re Duane v. Baldwin Trust*, 739 N.W.2d 868 (Mich. 2007). Accordingly, a cursory review of state law indicates that a creditor may have legal recourse against a personal representative for breach of duty.

Plaintiff argues that it may be permitted to take the deposition of opposing counsel where (1) there are no other means to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). Ms. Roberts-Mamone did not appear in the case before this Court and therefore is not opposing counsel with respect to the instant action. Plaintiff asserts that Ms. Roberts-Mamone is the only individual with a full grasp of what the claims to the Estate are, what they were settled for,

and why they were settled. They aver that they do not intend to ask Ms. Roberts-Mamone to identify the substance of communications she made with Ms. Pinkas for the purpose of rendering legal advice, or the substance of communications which Ms. Pinkas had with her. They further assert that the facts over which they intend to examine Ms. Roberts-Mamone are relevant and discoverable.

The undersigned has considered the parties' arguments and is persuaded that Ms. Roberts-Mamone's examination was made necessary by the fact that Ms. Pinkas was unable to testify to matters concerning the Estate administration. The undersigned recommends that Plaintiff's motion be granted as to Ms. Roberts-Mamone. Since no objections were filed with respect to the examinations of Robert Pinkas, Jr. and Benjamin Pinkas, these examinations should be ordered as well. Thus, the Court should order Ms. Roberts-Mamone, Robert Pinkas, Jr., and Benjamin Pinkas to appear to be deposed at creditor's examination at the offices of Plaintiff's counsel, 660 Woodward Avenue, Suite 2290, Detroit, Michigan 48226 at a mutually agreeable date and time, but no later than November 30, 2013.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 30, 2013                         s/ Mona K. Majzoub
                                                                  MONA K. MAJZOUB
                                                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: September 30, 2013                         s/ Lisa C. Bartlett
                                                                  Case Manager