UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

       Plaintiff,

                                          Case No. 09-12346
v.                                     Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

       Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

       Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

       Third-Party Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on  January 9, 2014

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's Renewed Motion For Post-Judgment Relief Against

Gregory Campbell, Diane Campbell, Chester County Aviation Holdings, LLC and CDV Capital, LLC

[dkt 210].  The motion has been fully briefed.  The Court finds that the facts and legal arguments are

adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

## II. BACKGROUND

On May 16, 2012, the Court issued an opinion and order entering judgment of $9,500,000.00 in favor of Plaintiff against Defendants Robert Pinkas, Gregory Campbell, Christopher Debbas and James Griffiths based on a guaranty agreement between the parties. On July 3, 2012, the Court certified that judgment as final. Attempting to collect on the judgment, Plaintiff filed two post-judgment motions with the Court: (1) Motion for Charging Order against Defendant Campbell [dkt 196]; and (2) Motion for Post-Judgment Relief against Defendant Campbell and non-parties Diane Campbell, Chester County Aviation Holdings, LLC and CDV Capital, LLC [dkt 193].

Plaintiff's motion for a charging order sought to encumber any interests in limited partnerships or limited liability companies which Defendant Campbell had or may subsequently acquire. After this motion was filed but before the Court issued its opinion resolving the motion, the Court entered a stipulated order whereby the parties agreed that Defendant Campbell's only identifiable interest in a limited liability company would be subjected to a charging order. Thus, the Court only had to decide whether Plaintiff was entitled to a blanket charging order on any interests in which Defendant Campbell may acquire in the future. The Court determined Plaintiff's request to be improper, and instead advised Plaintiff to re-file a similar motion should additional interests materialize at a later date.

Plaintiff's second post-judgment motion sought relief against Defendant Campbell and other non-parties to this action. Plaintiff alleged that Defendant Campbell engaged in fraudulent transfers to avoid paying his guaranty obligation to Plaintiff. Accordingly, Plaintiff requested that the Court order (1) Diane Campbell, Chester County Aviation Holdings, LLC ("Chester County Aviation"), and CDV Capital,

LLC ("CDV Capital") (the non-parties) be joined as defendants in this proceeding, and (2) in partial satisfaction of Plaintiff's judgment, that Diane Campbell's stock interest in Chester Aviation and her membership interest in CDV Capital—which she allegedly acquired via fraudulent transfers from Defendant Campbell—both be transferred to Plaintiff.  The Court denied Plaintiff's motion because it was unclear whether the Court could entertain personal jurisdiction over the non-parties.  In doing so, the Court afforded Plaintiff an opportunity to file a renewed motion establishing that the Court has personal jurisdiction over those parties.  That renewed motion is presently before the Court.

### III. ANALYSIS

Plaintiff's motion for post-judgment relief against Defendant Campbell and the non-parties was previously denied due to Plaintiff's failure to establish that this Court has personal jurisdiction over those non-parties.  The Court's order provided Plaintiff the following opportunity: "IT IS FURTHER ORDERED THAT if Plaintiff desires to file a renewed motion, which among other things alleges with *specific* facts that this Court has personal jurisdiction over the above-named non-parties, such motion must be filed within 21 days from entry of this Order."  Dkt. # 210, p. 3 (emphasis added).  Plaintiff did comply with the time-limit imposed by filing the renewed motion within the 21-day period; however, the Court will again deny Plaintiff's motion because it suffers from similar deficiencies, as explained below.

Plaintiff first argues that CDV Capital is the "mere alter ego or instrumentality of [D]efendant Campbell."  According to Plaintiff, Defendant Campbell and his wife—Diane Campbell—created CDV Capital for the "express purpose of avoiding the claims of creditors."  CDV Capital allegedly operates the same business as its predecessor, CDV Capital Partners—an entity in which Defendant Campbell formerly had an ownership interest.  Additionally, Plaintiff alleges that Diane Campbell—the sole owner of the new entity, CDV Capital—"possesses absolutely no wherewithal or experience to run the business" and, the argument continues, Defendant Campbell is in fact the one running the operation.

3

Parallel to its argument regarding CDV Capital, Plaintiff posits that Chester County Aviation is also the "alter ego or instrumentality" of Defendant Campbell, purportedly based on Defendant Campbell transferring his interest in Chester County Aviation to Diane Campbell for nominal consideration.[1]

Under Michigan law, to prove a corporate entity is an alter ego of another entity or individual, the following three elements must be established: "First, the corporate entity must be a mere instrumentality of another entity or individual. Second, the corporate entity must be used to commit a fraud or wrong. Third, there must have been an unjust loss or injury to the plaintiff." *Nogueras v. Maisel & Assocs. of Michigan*, 142 Mich. App. 71, 86 (1985). Factors considered to determine whether a corporate entity is used as a mere instrumentality include "undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham." *Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704–05 (6th Cir. 1988).

Despite given a second chance, Plaintiff's briefs fall considerably short in alleging *specific* facts establishing this Court's personal jurisdiction over CDV Capital and Chester County Aviation. Most—if not all—of Plaintiff's arguments surrounding its "alter ego or instrumentality" theory are conclusory and, importantly, fail to address the key factors identified above. Plaintiff, for example, does not offer facts that CDV Capital or Chester County Aviation are undercapitalized, fail to maintain proper financial books, that Defendant Campbell and the two entities commingle finances, or whether both entities fail to respect corporate formalities. While it may be true that Plaintiff alleges both CDV Capital and Chester County Aviation are at least minimally involved in fraudulent transfers, such an isolated allegation is not nearly enough evidence to prove that these two entities are mere instrumentalities of Defendant Campbell. Because Plaintiff has not carried its burden to show that CDV Capital and Chester County

---

[1] Plaintiff's argument with respect to Chester County Aviation is confusing. Defendant Campbell's purported fraudulent transfer of his interest in Chester County Aviation to Diane Campbell would have no bearing on whether or not Chester County Aviation is an alter ego or instrumentality of Defendant Campbell.

Aviation are alter egos or instrumentalities of Defendant Campbell, the Court declines to exercise personal jurisdiction over both entities.

Notwithstanding that finding, one of Plaintiff's arguments in favor of this Court purportedly having personal jurisdiction over Diane Campbell is, at first glance, a closer call.[2] Plaintiff advances that Diane Campbell "directly and knowingly participating in fraudulent activities, knowing that the precise purpose of her activities would be to cause harm to creditor [Plaintiff], which is based in Michigan and . . . suffered legal harm in Michigan." These fraudulent activities include: (1) creating a new entity—CDV Capital—identical to the entity in which Defendant Campbell formerly had an interest—CDV Capital Partners—for the purpose of absconding the claims of Defendant Campbell's creditors; and (2) receiving the fraudulent transfer of Defendant Campbell's stock interest in Chester County Aviation so that Defendant Campbell could likewise avoid looming creditors.

In diversity cases such as this one, this Court's exercise of personal jurisdiction over Diane Campbell "must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). The Michigan long-arm statute governing limited personal jurisdiction over individuals—Mich. Comp. Laws § 600.705—has been interpreted as conferring upon Michigan courts the "maximum scope of personal jurisdiction permitted by the Due Process Clause of the Fourteenth Amendment." *Brink v. Ecologic, Inc.*, 987 F. Supp. 958, 961 (E.D. Mich. 1997) (internal quotation marks and citation omitted).

If Michigan's long-arm statute authorizes personal jurisdiction over Diane Campbell, Plaintiff must also present a prima facie case that this Court's jurisdiction would not offend due process. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Plaintiff must therefore establish

---

[2] While allegedly causing fraudulent conduct that has an effect in Michigan lends support to exercising personal jurisdiction over Diane Campbell, Plaintiff only makes conclusory statements and, as explained below, fails to engage in analysis of Michigan's long-arm statute and the due process standard.

with reasonable particularity sufficient "minimum contacts" with Michigan so that the exercise of jurisdiction over Diane Campbell would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has adopted a three-part test for determining whether this due process standard is met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1299 (6th Cir. 1989).

Plaintiff offers no argument that Michigan's long-arm statute—Mich. Comp. Laws § 600.705— or due process allows Diane Campbell to fall within the purview of the Court's personal jurisdiction. In fact, Plaintiff fails to even *cite* which section of the long-arm statute would apply, nor does it perform the constitutional due process analysis recounted above. Plaintiff instead only states in conclusory fashion that Diane Campbell effectuated fraudulent transfers with Defendant Campbell, and that such transfers caused harm to a Michigan creditor—Plaintiff—who suffered harm in Michigan. Plaintiff's litigation conduct is troubling, given the Court has already afforded Plaintiff a second opportunity to establish that the Court enjoys personal jurisdiction over Diane Campbell (and the other non-parties). The Court is not in the business of crafting arguments on behalf of litigants and, for that reason, Plaintiff's motion is again denied.

6

**IV. CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Renewed

Motion Post-Judgment Relief Against Gregory Campbell, Diane Campbell, Chester County Aviation

Holdings, LLC and CDV Capital, LLC [dkt 210] is DENIED.

IT IS SO ORDERED.

Date:  January 9, 2014                              s/Lawrence P. Zatkoff
                                                    Hon. Lawrence P. Zatkoff
                                                    U.S. District Judge