UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESIDENTIAL FACILITY, LLC,

    Plaintiff,

v.

    Case No. 09-12346
    Hon. Lawrence P. Zatkoff

CHRISTOPHER J. DEBBAS and
JAMES R. GRIFFITHS,

    Defendants,

and

GREGORY S. CAMPBELL and
ROBERT PINKAS,

    Defendants/Third-Party Plaintiffs,

v.

PETER SINATRA, EMERALD PARTNERS V, LP,
and JETDIRECT AVIATION HOLDINGS, LLC,

    Third-Party Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 10, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

    This matter is before the Court on Plaintiff's motion for reconsideration [dkt. 221] and Plaintiff's motion for permission to serve post-judgment interrogatories [dkt. 222].  Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiff's motion for reconsideration is not permitted. Further, the Court finds that the facts and legal arguments are adequately presented in both of

Plaintiff's motions and briefs such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED and Plaintiff's motion for permission to serve post-judgment interrogatories is GRANTED.

## II. BACKGROUND

On May 16, 2012, the Court issued an Opinion and Order entering judgment of $9,500,000.00 in favor of Plaintiff Presidential Facility, LLC ("Plaintiff"), against Defendants Robert Pinkas, Gregory Campbell, Christopher Debbas and James Griffiths based on a guaranty agreement between the parties. Plaintiff asserts that Defendant Gregory Campbell ("Campbell") has never paid the judgment and vowed not to pay the judgment. Instead, Plaintiff alleges Campbell engaged in fraudulent transfers to avoid paying his guaranty obligation to Plaintiff.

On December 12, 2012, Plaintiff filed a motion for post-judgment relief, requesting that this Court order Diane Campbell, Chester County Aviation Holdings, LLC,[1] and CDV Capital, LLC (the "non-parties") be made parties to this proceeding so Plaintiff could collect the allegedly fraudulently transferred funds distributed to the non-parties by Campbell [dkt. 193]. The Court denied Plaintiff's motion for post-judgment relief, finding that Plaintiff failed to establish that the Court possessed personal jurisdiction over these non-parties [dkt. 209]. The Court, however, also allowed Plaintiff to file a renewed motion that contained specific facts establishing that this Court has personal jurisdiction over the non-parties.

On August 26, 2013, Plaintiff filed its renewed motion for post-judgment relief, requesting for a second time that the Court make the non-parties parties to these proceedings

---

[1] Plaintiff's motion for reconsideration completely ignores any reference to Chester County Aviation Holdings, LLC. As such, the Court holds Plaintiff does not seek reconsideration of any Court order with regards to Chester County Aviation Holdings, LLC.

[dkt. 210]. On January 9, 2014, the Court once again denied Plaintiff's request to include these non-parties in the case [dkt. 220]. In doing so, the Court held that Plaintiff failed to allege specific facts establishing personal jurisdiction over CDV Capital, LLC, and Chester County Aviation, LLC. The Court further held that Plaintiff failed to establish that Diane Campbell fell within the purview of the Court's personal jurisdiction pursuant to Michigan's long-arm statute or due process.

### III. LEGAL STANDARD

#### A. MOTION FOR RECONSIDERATION

Plaintiff's current motion for reconsideration challenges the Court's second order denying Plaintiff's post-judgment motion for relief. Local Rule 7.1(h) governs motions for reconsideration, stating that they must be filed within 14 days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

#### B. MOTION FOR PERMISSION TO SERVE POST-JUDGMENT INTERROGATORIES

Rule 69 of the Federal Rules of Civil Procedure ("Rule 69") provides that the procedure a federal court uses in enforcing a money judgment must accord with the procedures of the state where the federal court is located.

# IV. ANALYSIS

### A. MOTION FOR RECONSIDERATION

Plaintiff's motion fails to state a palpable defect by which this Court has been misled. Although Plaintiff gives four different reasons why this Court should vacate its second order denying Plaintiff's post-judgment motion for relief, each is without merit. First, Plaintiff asserts it did not have to plead its personal jurisdiction allegations with any more specificity than it did. It argues that Michigan law clearly states Plaintiff has the right to add the non-parties and that requiring the Plaintiff to provide specific facts pertaining to the Court's personal jurisdiction over non-parties at this stage in litigation would be "manifestly unjust."

This assertion, however, is not supported by Michigan law. Plaintiff's contention that Mich. Comp. Laws § 600.6128(2) ("MCL 600.6128(2)") covers the non-parties in this case is incorrect. MCL 600.6128(2) applies only to third–persons "claiming adversely to the judgment debtor," yet Plaintiff has provided no evidence that the non-parties in this case fit within this definition. Additionally, although Plaintiff correctly states Mich. Comp. Laws § 600.6104(5) allows this Court to make "any order as within [its] discretion seems appropriate" in dealing with judgment debtors, Plaintiff presents no convincing argument as to why the Court should exercise such discretion in this matter.

Moreover, the content of this argument presents the same issues Plaintiff presented in both of its previously filed post-judgment motions. Indeed, the Court already gave Plaintiff 21 additional days to supplement its originally inadequate post-judgment motion with the specific facts required to make a prima facie case that this Court has personal jurisdiction over the non-parties. The Court thus finds that Plaintiff's motion amounts to nothing more than a disagreement with the Court's previous rulings. Such disagreement is not a proper premise on

4

which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Plaintiff's next argument is equally unconvincing: Plaintiff asserts that Campbell has no standing to object that this Court lacks personal jurisdiction over the non-parties. Plaintiff attempts to support this argument by referring to an unpublished opinion from a different federal district court. Unpublished opinions from a fellow district court are far from binding authority, and Plaintiff has offered nothing to convince the Court that this unpublished opinion should be followed. Further, even if that unpublished opinion were to apply in this Court, that case and the one presently before the Court vary substantially. Unlike the initial post-judgment motion before the Court which led to this motion for reconsideration, the unpublished opinion deals with a pre-judgment motion to amend a complaint. Plaintiff provides no evidence or explanation as to why these vastly different scenarios warrant applying similar procedural rules. Additionally, the unpublished case: (1) is itself based on cases that are not binding on this Court, and (2) states only that no Sixth Circuit case has held that leave to amend may be denied on the basis of a preemptive challenge of lack of personal jurisdiction over a non-party. Such tangential references provide little insight and no authority for this Court to act and are, therefore, meritless.

Plaintiff's next argument is a veiled attempt to present the same arguments twice rejected by this Court. Plaintiff argues "significant evidence" shows that CDV Capital, LLC, is the same entity as one owned by Campbell and should thus be accessible to satisfy Plaintiff's claims. This mirrors the arguments presented in both of Plaintiff's previous post-judgment motions and will not, for a third time, be addressed here.

Finally, Plaintiff argues it is entitled to conduct discovery to prove that CDV Capital, LLC, is the alter ego of the entity owned by Campbell. First, this Court never required Plaintiff to prove any non-party was the alter ego of any defendant; rather, the Court merely required Plaintiff to more broadly provide specific facts indicating this Court had personal jurisdiction over the non-parties Plaintiff sought to add. Further, Plaintiff provides no explanation why it waited to make such a discovery request until filing a post-judgment motion for reconsideration. The Court thus finds that Plaintiff has not shown that the denial of such discovery at this juncture is a palpable defect such that correcting it will result in a different disposition of this case.

Accordingly, for the foregoing reasons, Plaintiff's motion for reconsideration is denied.

### B. MOTION FOR PERMISSION TO SERVE POST-JUDGMENT INTERROGATORIES

Plaintiff also requests permission to serve Campbell with post-judgment interrogatories. Plaintiff has submitted its proposed interrogatories to the Court and requests that the Court require Campbell to respond within 30 days of service.

Mich. Comp. Laws § 600.6104(1) provides that "[a]fter judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding . . . [c]ompel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him . . .." This rule, as stated above, is applicable to this Court pursuant to Rule 69.

After reviewing Plaintiff's request and proposed post-judgment interrogatories, the Court grants Plaintiff's permission to serve such requests.

### V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt. 221] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for permission to serve post-judgment interrogatories [dkt. 222] is GRANTED.

IT IS FURTHER ORDERED that responses to Plaintiff's post-judgment interrogatories are due within 30 days of service.

IT IS SO ORDERED.

Date: July 10, 2014                                            s/Lawrence P. Zatkoff
                                                               HON. LAWRENCE P. ZATKOFF
                                                               U.S. DISTRICT JUDGE